UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | | |
| JOHN A. KAVUSAK, JR., | : | Case No. 03-22771REF |
| *Debtor(s)* | : | |
| ------------------------------------------------------- | : | |
| FIRST NATIONAL BANK IN FLEETWOOD, | : | |
| *Plaintiff(s)* | : | |
| *v.* | : | Adv. No. 04-2024 |
| | : | |
| JOHN A. KAVUSAK, JR., | : | |
| *Defendant(s)* | : | |

**<u>ORDER</u>**

AND NOW, this 14th day of March, 2006, it is ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED and JUDGMENT on the complaint is ENTERED IN FAVOR OF PLAINTIFF and the debt owed by Defendant to Plaintiff is hereby found to be NONDISCHARGEABLE under 11 U.S.C. §523(a)(2)(A) due to both Defendant's failure to defend[1] and on the merits.[2]

---

1. To explain, Plaintiff filed this Motion for Summary Judgment with a brief on January 17, 2006. The Honorable Thomas M. Twardowski entered on Order on January 19, 2006, directing Defendant to file a brief within thirty days. Defendant has not filed a brief and we therefore enter this Order granting Plaintiff's Motion for Summary Judgment due to Defendant's failure to defend.

2. Motions for summary judgment are governed by Fed. R. Civ. P. 56, which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7056. A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff, as the moving party, bears the initial burden of demonstrating the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the non-moving party, however, fails to produce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, then the moving party is entitled to summary judgment in its favor as a matter of law. Celotex, 477 U.S. at 322; J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir. 1990).

Here, Plaintiff bases its request for summary judgment upon the fact that Defendant failed to respond to the Request for Admissions Plaintiff served upon Defendant on October 19, 2005. Pursuant to Fed. R. Civ. P. 36(a), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7036, a matter set forth in a request for admissions is admitted "unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter... ." Because Defendant failed to respond to the Requests for Admission, and because more than thirty days have elapsed since the Requests for Admission were served upon Defendant, Defendant is deemed to admit the matters alleged therein.

Turning to the merits of the Complaint, we first note that Plaintiff requests that the debt owed to it by Defendant be found nondischargeable under 11 U.S.C. §523(a)(2)(A) and (B), which state:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> >
> > (B) use of a statement in writing -
> >
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;
> > > (iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonable relied; and
> > > (iv) that the debtor caused to be made or published with intent to deceive.

Plaintiff first maintains that the debt owed to it by Defendant should be found nondischargeable under section 523(a)(2)(A) because, based upon Defendant's failure to respond to the Requests for Admission, Defendant is deemed to admit that he fraudulently obtained the loan proceeds from Plaintiff. We agree. Turning to the Requests for Admission, we note that Plaintiff requested that Defendant admit that he was charged with committing certain crimes in connection with the loan he obtained from Plaintiff, that the facts, circumstances and allegations set forth in the criminal complaint and affidavit of probable cause are the same facts and circumstances alleged by Plaintiff in this adversary complaint, that the criminal case against Defendant was resolved on or about July 15, 2005, when Defendant pled guilty to theft by deception and that

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

_____

Defendant admitted in his guilty plea that he fraudulently obtained the loan proceeds from Plaintiff. See Plaintiff's Request for Admissions, ¶¶1, 3, 10, 11. By failing to respond to the Requests for Admission, Defendant is deemed to admit these matters, including the allegation that he fraudulently obtained the loan proceeds from Plaintiff. See Fed. R. Civ. P. 36. Accordingly, based upon Defendant's failure to respond to the Requests for Admission, we find that no genuine issue of material fact exists concerning the issue of whether Defendant obtained the loan proceeds from Plaintiff by false pretenses, a false representation or actual fraud, and that therefore, Plaintiff is entitled to summary judgment on the portion of the Complaint which seeks to have the debt in issue found nondischargeable under section 523(a)(2)(A).

Having found the debt nondischargeable under section 523(a)(2)(A), we need not address the question of whether the debt should also be found nondischargeable under section 523(a)(2)(B) as well. We note, however, that our review of the allegations contained in the Complaint and Requests for Admission leads us to believe that the statement in writing in issue is not actionable under section 523(a)(2)(B) because it does not constitute "a statement in writing ... respecting the debtor's or an insider's financial condition." Accordingly, we conclude that summary judgment would not be warranted on that portion of the Complaint that seeks a ruling that the debt is also nondischargeable under section 523(a)(2)(B). This conclusion is not fatal to Plaintiff's motion for summary judgment, however, because we have already found that summary judgment must be entered in favor of Plaintiff on the section 523(a)(2)(A) count of the Complaint and the debt is therefore nondischargeable regardless of the outcome of Plaintiff's section 523(a)(2)(B) cause of action.